## REICHART v. ULRICH.

**Warranty of Soundness of Horse.**

The cause of action for the breach of warranty of soundness in the sale of a horse is a cause of action for the recovery of money to the amount of the damages sustained by reason of the breach.

**Same — Contract.**

It is also a cause of action on a contract, although the claim is not expressly stated to be due on account.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 27, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This is an appeal by Reichart from a judgment of the County Court of Jefferson county rendered on a verdict against him for $75, on his appeal to that court from a judgment for the same sum which had been rendered against him and in favor of Ulrich by a justice of the peace for Jefferson county.

The warrant from the justice and the testimony given in the County Court show that the plaintiff's demand was for $75 on a warranty of the soundness of a horse; and the testimony shows that the horse had been sold by the defendant to the plaintiff for $75, and that it died in five or six days afterward, and as the jury had a right to find from the evidence, from a disease existing at the time of the sale and warranty which were proved.

If, therefore, the justice had jurisdiction of such a case which is the only question seriously made the judgment must be affirmed.

The Revised Statute (chap. 24, § 1), entitled *Jurisdiction in civil matters* (Stant. Rev. Stat. 333), declares that " A justice of the peace has original common-law jurisdiction in all cases of contract, written or verbal, expressed or implied, when the debt or damages, exclusive of interest, does not exceed $50." And an act approved March 10, 1856 (1 Stant. Rev. Stat. 356), declares " That justices of the peace in Jefferson county and the city of Louisville shall have original common-law jurisdiction of causes of action for the recovery of money or personal property, evidenced by writing or due by account, where the amount in controversy does not exceed $100; and the proceedings may be the same as are now had before said justices, and appeals may be prosecuted as in other cases."

The cause of action for the breach of warranty of soundness in the sale of a horse is a cause of action for the recovery of money to the amount of the damages sustained by reason of the breach. It is also a cause of action on a contract, and although the sum claimed is not expressly stated to be due on account, but is claimed on a warranty of the soundness of a horse, it might well have been stated in the form of an account for so much due or claimed for breach of such warranty, and as any claim of damages for the breach of a verbal contract might be stated in the same form, we think the Act of 1856, *supra,* should be understood as using the words " due by account " merely to designate causes of action on contracts not evidenced by writing.

This construction is corroborated and confirmed by the consideration that by the Revised Statute above quoted, justices of the peace throughout the State have jurisdiction in all cases of contract where the debt or damages do not exceed $50; that the Act of 1856 imports by its title to do nothing more than to increase the jurisdiction of justices in the county of Jefferson and the city

·of Louisville; and that its terms do not necessarily import any intention to restrict to a narrower class of cases the jurisdiction which is increased as to the sum involved, but may be rationally construed as extending the jurisdiction of the justices referred to, in all cases in which they and all other justices had jurisdiction by the previous statute.

Wherefore, the judgment for the plaintiff in the warrant is .affirmed.